O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE LELEA and RUZANA LELEA,<br><br>　　　　　　　　Plaintiffs,<br>　　　v.<br>CALIFORNIA RECONVEYANCE COMPANY; GRIFFIN RESIDENTIAL GW SAN DIEGO PROPERTIES LLC; and JP MORGAN CHASE,<br><br>　　　　　　　　Defendants. | Case No. 2:13-cv-01392-ODW(PJWx)<br><br>**ORDER STRIKING DEFENDANT GW SAN DIEGO PROPERTIES, LLC'S MOTION TO DISMISS [18] AND ORDERING PLAINTIFFS TO SHOW CAUSE RE: STATUTES OF LIMITATIONS** |

　　　　Defendant Griffin Residential GW San Diego Properties LLC moves to dismiss Plaintiffs George and Ruzana Lelea's Complaint.[1]  Griffin's Notice of Motion asserts that because the Leleas "are pro-se litigants, pursuant to Local Rules 7-3 and 16-12(c), there is no requirement to meet and confer." (Notice of Mot. 1.)  But Griffin misreads Local Rule 16-12(c), which exempts from Local Rule 7-3's meet-and-confer requirements "[a]ny case in which the plaintiff is appearing *pro se*, is in custody, *and* is not an attorney" (emphasis added).  Because there is no indication here that either of the Leleas are in custody, Griffin was not free to disregard its duty to meet and confer with the Leleas regarding the substance of its motion prior to filing it.  The Court

---

[1] While the Leleas styled their case-initiating document as a "Motion to Compel Defendants to Evidence Ownership of Title to Plaintiff's [*sic*] Property," the Court construes this as a Complaint.

therefore **STRIKES** Griffin's motion for failure to meet and confer under Local Rule 7-3. Griffin has until May 17 to answer or otherwise respond to the Leleas' Complaint.

The Court has also reviewed the Leleas' Complaint, which advances claims for violation of the Truth in Lending Act (TILA) and the Home Ownership and Equity Protection Act (HOEPA). These claims appear to be barred by the statute of limitations.

A request for damages under TILA or HOEPA is subject to a one-year statute of limitations, 15 U.S.C. § 1640(e), and a claim for rescission is subject to a three-year statute of limitations. 15 U.S.C. § 1635(f). A TILA or HOEPA violation occurs at the time the loan documents are signed. *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir.2003). Here, the Leleas' judicially noticeable deed of trust reveals that the Leleas signed their loan documents on December 15, 2006—almost six and a half years ago. (Griffin's Request for Judicial Notice (ECF No. 18-1) Ex. 1, at 1.)

A court may dismiss a claim *sua sponte* under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, so long as it affords the plaintiff or plaintiffs notice and an opportunity to be heard on the matter. *Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir. 1981). Given the apparent untimeliness of the Leleas' claims, the Court **ORDERS** the Leleas to **SHOW CAUSE** no later than May 24, 2013, why this action should not be dismissed for failure to state a claim.

Finally, the Leleas are advised that a Federal Pro Se Clinic is located in the United States Courthouse at 312 N. Spring Street, Room 525, Fifth Floor, Los Angeles, California 90012. The Clinic is open for appointments on Mondays, Wednesdays, and Fridays from 9:30 a.m. to 12:00 p.m. and 2:00 p.m. to 4:00 p.m. The Federal Pro Se Clinic offers free, on-site information and guidance to individuals who are representing themselves in federal civil actions. For more information, the Leleas may visit http://www.cacd.uscourts.gov/ and follow the link for "Pro Se Clinic

– Los Angeles" mid-way down the page or contact Public Counsel at 213-385-2977, extension 270.

**IT IS SO ORDERED.**

May 1, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**